UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEWEY F. TOTTY, JR.,

    Plaintiff,

v.

    Case No. 14-cv-10819
    Hon. Matthew F. Leitman

EVERBANK, *et al.*

    Defendants.

_____/

**ORDER (1) DENYING PLAINTIFF'S REQUEST TO AMEND HIS GOVERNING COMPLAINT (ECF #19); (2) DENYING AS MOOT DEFENDANT EVERBANK'S MOTION TO STRIKE THE AMENDED COMPLAINT (ECF #24); (3) DENYING PLAINTIFF'S "MOTION TO EVOKE RICO LAW" (ECF #20); AND (4) DIRECTING PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION**

In this action, Plaintiff Dewey F. Totty, Jr. ("Totty") challenges the foreclosure of his property in Southfield, Michigan. Totty, acting *pro se*, filed this action against Everbank Financial Corp. on February 21, 2014.[1] (*See* the "Initial Complaint," ECF #1.) Among other things, Totty alleged in his Initial Complaint that Everbank "used subterfuge to seize and dispose of" his property. (*Id.* at 1.) Totty purported to bring his action on the basis of this Court's diversity

---

[1] On July 31, 2014, Magistrate Judge Paul J. Komives granted Everbank Financial Corp.'s motion to substitute Everbank as a defendant in this action. (*See* ECF #30.)

jurisdiction. (*See id.* at 4.) Totty alleged that he was a citizen of Michigan and Everbank was a citizen of Florida. (*See id.*)

On March 13, 2014, the Court granted Totty's application to proceed *in forma pauperis*. (*See* ECF #4.) On March 19, 2014, Everbank was served with a summons and the Initial Complaint. (*See* ECF #10.)

On April 7, 2014, Totty filed a purported "Third-Party Complaint" naming Tomahawk Ventures, LLC ("Tomahawk") and Vlad Safir ("Safir") as third-party defendants. (*See* ECF #8.) The Third-Party Complaint incorporates by reference Totty's allegations against Everbank in the Initial Complaint and further alleges that Tomahawk and Safir "used a defective conveyance and artful court procedures to harass [Totty] … in an attempt to seize [his] family home." (*Id.* at 1-2.) Totty did not specifically allege Tomahawk's or Safir's citizenship.

On May 7, 2014, Everbank filed a Motion to Dismiss Totty's Initial Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. (*See* the "Motion to Dismiss," ECF #14.) Everbank argued that the Court should treat the Third-Party Complaint as adding Tomahawk and Safir as defendants to the action. (*See id.* at 5.) Everbank asserted that Tomahawk is "a Michigan limited liability company" and Safir "is an individual residing in Michigan." (*Id.* at 3.) Everbank contended that the Court should dismiss the

action on the grounds that Totty, Tomahawk, and Safir are all citizens of Michigan and, therefore, the parties are not completely diverse. (*See id.* at 5-6.)

On June 2, 2014, Totty filed an "Amended Complaint for Damages and Motion for Right to Evoke RICO Law." (*See* the "Proposed Amended Complaint," ECF #19 and "RICO Motion," ECF #20.) The Proposed Amended Complaint includes several federal causes of action – including violations of the 13th and 14th Amendments and 42 U.S.C. § 1983 – against Everbank and Tomahawk. In the RICO Motion, Totty appears to seek the Court's permission to bring a claim against Everbank and Tomahawk for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* On June 17, 2014, Everbank moved to strike the Proposed Amended Complaint on the grounds that it was not timely filed. (*See* the "Motion to Strike," ECF #24.)

Thus, the status of this action is as follows. The Court construes Totty's "Third-Party Complaint" as a timely amendment of his Initial Complaint pursuant to Fed. R. Civ. P. 15(a)(1). The Court treats the "Third-Party Complaint" as an amended complaint because it is not a true third-party complaint; it merely adds claims against new defendants. The "Third-Party Complaint" is therefore the currently-operative complaint in this action. (*See* ECF #8, hereinafter the "Operative Complaint.") The Proposed Amended Complaint is not currently operative because Totty was not entitled to an amendment-by-right when he filed

3

that document. *See* Fed. R. Civ. P. 15(a)(1) (providing that a party may amend a pleading by right only once and only within 21 days of the filing of a responsive pleading). The Court therefore construes the Proposed Amended Complaint as a request to amend the Operative Complaint.

This Court is required to hold pleadings by *pro se* litigants "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court may not entertain an action over which it does not have jurisdiction. *See, e.g.*, *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 579 (6th Cir. 2014) ("If the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action") (internal citation omitted). The Court has jurisdiction over actions in which (1) the cause of action arises under federal law, *see* 28 U.S.C. § 1331, or (2) the amount in controversy exceeds $75,000 and all plaintiffs are diverse from all defendants, *see* 28 U.S.C. § 1332. Plaintiff has the burden of establishing the Court's jurisdiction. *See United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998).

Even under the liberal pleading standards that apply here, Totty has failed to establish that this Court has diversity jurisdiction over the Operative Complaint. For diversity purposes, a limited liability company (such as Tomahawk) is a citizen of each State in which one or more of its members is a citizen. *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010); *see also Trident-Allied*

4

*Assocs., LLC v. Cypress Creek Assocs., LLC*., 317 F. Supp. 2d 752, 753 (E.D. Mich. 2004). Totty has not identified Safir's citizenship or the citizenship of each of Tomahawk's members. Although Everbank contends that Tomahawk is a citizen of Michigan, Everbank's statement that Tomahawk is a "Michigan limited liability company" is not sufficient to establish Tomahawk's citizenship for diversity purposes.

Totty has also failed to show that the Court has federal question jurisdiction over the Operative Complaint. Indeed, the basis of the Operative Complaint appears to be a wrongful foreclosure – a matter of state law. Further, although Totty alleges in the Initial Complaint (which he incorporates by reference in the Operative Complaint) that Everbank fraudulently obtained money from the Veterans' Administration, Totty has not shown that he has standing to bring this claim nor that the claim arises under federal law.

Although Totty attempts to add federal claims against Everbank and Tomahawk in the Proposed Amended Complaint, Totty's claims are facially deficient, and therefore Totty's request to amend would be futile. Totty purports to bring federal claims pursuant to the 14th Amendment and 42 U.S.C. § 1983, but Totty has failed to state a claim on which this Court can grant relief because he has not alleged that Everbank and/or Tomahawk are state actors. *See, e.g. Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (a § 1983 claimant must show

5

deprivation of a right caused by a person acting under the color of state law). In addition, Totty's 13th Amendment claim appears to be entirely frivolous. *See, e.g.*, *Bush v. Northern Michigan Univ.*, No. 14-43, 2014 WL 1952267, at *3 (W.D. Mich. May 15, 2014) (noting that courts generally reject 13th Amendment claims "out of hand"). Moreover, Totty's allegations that Everbank and Tomahawk violated the RICO Act by engaging in "devious actions" fall short of the standard required to plead a viable RICO claim. *See, e.g.*, *Advocacy Organization for Patients and Providers v. Auto Club Ins. Assoc.*, 176 F.3d 315, 325-326 (6th Cir. 1999) (upholding dismissal of RICO claim because plaintiff failed to sufficiently and plausibly plead a pattern of racketeering activity). Accordingly, the Court will **DENY** Totty's RICO Motion (ECF #20) and **DENY** leave to submit the Proposed Amended Complaint (ECF #19). *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend is appropriate if amendment would be futile).

As discussed above, the Operative Complaint appears to be insufficient to establish the Court's jurisdiction in this case. The Operative Complaint is therefore subject to dismissal. Accordingly, **IT IS HEREBY ORDERED** that Totty shall **SHOW CAUSE** in writing by no later than **February 17, 2015,** why this action should not be dismissed, in its entirety, for lack of subject-matter jurisdiction. **IT IS FURTHER ORDERED** that Totty's RICO Motion (ECF #20) and request to amend the Operative Complaint (ECF#19) are **DENIED**. **IT IS**

**FINALLY ORDERED** that Everbank's Motion to Strike (ECF #24) is **DENIED AS MOOT**.

The Court strongly urges Totty to retain counsel to represent him in this action. Any counsel retained by Totty should immediately file an appearance in this action and contact the Court's Case Manager to schedule a telephonic status conference with the Court and all of the parties. However, Totty's retention of counsel would in no way relieve him of his obligation to show cause pursuant to this Order. If Totty fails to respond to this order in a manner that persuades the Court that it has subject matter jurisdiction over this action, the action will be dismissed.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 6, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 6, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
