UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEWEY F. TOTTY, JR.,

    Plaintiff,

v.

EVERBANK, *et al.*

    Defendants.

_____/

Case No. 14-cv-10819
Hon. Matthew F. Leitman

**<u>ORDER (1) DISMISSING PLAINTIFF'S GOVERNING COMPLAINT WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION AND (2) TERMINATING AS MOOT DEFENDANT EVERBANK'S MOTION TO DISMISS (ECF #14)</u>**

In the currently-operative complaint in this action, Plaintiff Dewey F. Totty, Jr. ("Totty"), acting *pro se*, challenges the foreclosure of his property in Southfield, Michigan. (*See* the "Operative Complaint," ECF #8.) Totty alleges that Defendant Everbank "used subterfuge to seize and dispose of" his property." (ECF #1 at 1.)[1] Totty further alleges that Defendants Tomahawk Ventures, LLC ("Tomahawk") and Vlad Safir ("Safir") "used a defective conveyance and artful court procedures to harass [Totty] … in an attempt to seize [his] family home." (Operative Compl. at 1-2.)

---

[1] Totty made this allegation against Everbank in his initial complaint in this action. (*See* the "Initial Complaint," ECF #1.) The Operative Complaint incorporates by reference Totty's allegations against Everbank from the Initial Complaint.

Totty purported to bring his action on the basis of this Court's diversity jurisdiction. (*See* Initial Compl. at 4.)[2] Totty alleged that he was a citizen of Michigan and Everbank was a citizen of Florida. (*See id.*) Totty did not specifically allege Tomahawk's or Safir's citizenship.

On February 6, 2015, the Court ordered Totty to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. (*See* "Order to Show Cause," ECF #40.) The Court specifically cautioned Totty that if he "fail[ed] to respond to this order in a manner that persuades the Court that it has subject-matter jurisdiction over this action, the action [would] be dismissed." (*Id.* at 7.)

Totty responded to the Order to Show Cause on February 17, 2015. (*See* the "Response," ECF #41.) In the Response, Totty admitted that he is unable to identify Tomahawk's or Safir's citizenships. (*See id.* at ¶¶2-3.) Nonetheless, Totty urged the Court not to dismiss the action "because to do so would deny [Totty] substantial justice." (*Id.* at ¶1.)

This Court is required to hold pleadings by *pro se* litigants "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court may not entertain an action over which it

---

[2] Totty later requested this Court's permission to file a proposed amended complaint in an apparent attempt to add federal claims and thereby invoke this Court's federal question jurisdiction. (*See* ECF #19.) On February 6, 2015, the Court denied Totty's request to amend his Operative Complaint. (*See* ECF #40.)

2

does not have jurisdiction. *See, e.g.*, *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 579 (6th Cir. 2014) ("If the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action") (internal citation omitted). The Court has jurisdiction over, among other things, actions in which (1) the cause of action arises under federal law, *see* 28 U.S.C. § 1331, or (2) the amount in controversy exceeds $75,000 and all plaintiffs are diverse from all defendants, *see* 28 U.S.C. § 1332. Plaintiff has the burden of establishing the Court's jurisdiction. *See United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998).

Even under the liberal pleading standards that apply here, Totty has failed to establish that this Court has diversity jurisdiction over the Operative Complaint. Indeed, Totty candidly admits that he has not identified Tomahawk's or Safir's citizenship. (*See* Response at ¶¶2-3.) Accordingly, this Court lacks subject-matter jurisdiction, and it must dismiss the action. *See Himmelreich*, 766 F.3d at 579. *See also Norris v. Schotten*, 146 F.3d 314, 324 n.5 (6th Cir. 1998) ("Subject matter jurisdiction is an issue that must be raised sua sponte by a federal court where appropriate and can be raised at any time.").

Totty counters that dismissal is not warranted because "the problem of diversity may have been solved if [he] had been allowed a short period of discovery." (Response at ¶2.) However, Totty has cited no authority entitling him

to discovery for jurisdictional purposes. While the court may authorize discovery in order to resolve subject-matter jurisdiction *disputes*, there is no such dispute here. *See, e.g.*, *CSDVRS, LLC v. Purple Communications, Inc.*, No. 13-1811, 2013 WL 4763948 (M.D. Fla. Sept. 4, 2013). *See also In re MPF Holdings U.S. LLC*, 701 F.3d 449, 457 (5th Cir. 2012) ("some jurisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact"). Indeed, this is not a case where plaintiff has alleged that the defendant is a citizen of a particular State and the defendant has contested that allegation. Rather, Totty has not even attempted to allege Tomahawk's and Totty's citizenships. Under these circumstances, Totty is not entitled to jurisdictional discovery.[3]

In dismissing this action, the Court expresses no opinion on the merits of Totty's claims. Indeed, Totty's claims may be viable. However, based on how Totty has chosen to structure his case, there is no basis for federal subject-matter jurisdiction at this time. As currently pleaded, Totty's claims belong in state court.

---

[3] Jurisdictional discovery is particularly unwarranted in this case because Safir has submitted an affidavit stating that he is a citizen of Michigan. (*See* ECF #42-2.) Because Totty and Safir both appear to be Michigan citizens, there does not appear to be complete diversity of citizenship among the parties.

For all the reasons discussed in this Order, **IT IS HEREBY ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**, in its entirety. **IT IS FURTHER ORDERED** that Everbank's Motion to Dismiss (ECF #14) is **TERMINATED AS MOOT**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 23, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 23, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113